FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLEE FAYE PARISIAN,<br><br>Defendant. | No. 1:16-CR-02006-EFS-8<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF Nos. 982, 983** |

On Wednesday, September 20, 2023, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 982) and related Motion to Expedite (ECF No. 983).  Defendant was represented by Assistant Federal Defender Paul Shelton.  Assistant United States Attorney Michael Murphy represented the United States.  With Defendant's consent, Defendant appeared by video from American Behavioral Health Services ("ABHS").

On July 21, 2023, Defendant waived the right to a detention hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), and the Court subsequently granted the United States' Motion for Detention (ECF No. 964). ECF No. 966.  However, Defendant later filed a Motion to Reopen Detention (ECF No. 977), and the Court granted her release to inpatient treatment on August 29,

ORDER - 1

1   2023.  ECF No. 981.  Now approaching successful completion of treatment,

2   Defendant has filed a motion for this Court to grant her release to reside at a family

3   residence approved by United States Probation/Pretrial Services.  ECF No. 982.

4   Neither the United States Attorney's Office, nor United States Probation/Pretrial

5   Services Office have any objection to Defendant's release.  *Id*.

6        "[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a

7   hearing on a violation of probation or supervised release."  Fed. R. Crim. P. 46(d).

8   Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C.

9   § 3143(a), pending further proceedings.  Fed. R. Crim. P. 32.1(a)(6).  Under that

10  statute, such a defendant shall be detained unless "the judicial officer finds by clear

11  and convincing evidence that the person is not likely to flee or pose a danger to the

12  safety of any other person or the community if released . . . ."  18 U.S.C. §

13  3143(a)(1).  This burden of clear and convincing evidence lies with the defendant.

14  Fed. R. Crim. P. 32.1(a)(6); *see United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir.

15  1994).

16       This Court has taken into account the nature and circumstances of

17  conviction,[1] the weight of the evidence against the Defendant, as well as

18

19  [1] While 18 U.S.C. § 3143(a)(1) directs the Court to consider release conditions under 18 U.S.C. § 3142(c), this statute contemplates an offense charged, which is inapposite in the

20  context of supervised release.

ORDER - 2

1  Defendant's history and characteristics, including character, physical and mental

2  condition, family ties, employment, financial resources, length of residence in the

3  community, community ties, past conduct and history relating to alcohol and drug

4  abuse, and also criminal history, record concerning appearance at court

5  proceedings, whether Defendant was under supervision at the time of the alleged

6  offense, and the nature and seriousness of the danger to the community posed by

7  Defendant's release.

8      Considering Defendant's pending completion of inpatient treatment and the

9  agreement of both the United States Probation/Pretrial Services Office and the

10  United States Attorney's Office with release, the Court finds that Defendant has

11  established by clear and convincing evidence conditions or a combination of

12  conditions of release that would reasonably assure Defendant will not flee.

13  Furthermore, Defendant has established by clear and convincing evidence

14  conditions or a combination of conditions of release that would mitigate the risk to

15  the safety of other persons or the community that Defendant poses.

16      Accordingly, **IT IS ORDERED:**

17      1.    Defendant's Motion to Expedite (**ECF No. 983**) is **GRANTED.**

18      2.    Defendant's Motion to Reopen Detention Hearing (**ECF No. 982**) is

19  **GRANTED.**

20

ORDER - 3

3.      Defendant shall be released on previously imposed conditions of

supervised release pending the revocation hearing as directed by United States

Probation/Pretrial Services.  Defendant shall further abide by all previous

conditions imposed under 18 U.S.C. § 3142(c), pursuant to this Court's authority

to grant pre-revocation hearing release under Federal Rule of Criminal Procedure

32.1(a)(6) and 18 U.S.C. § 3143(a)(1).

4.      Defendant is bound over to Senior Judge Edward F. Shea for further

proceedings.

**IT IS SO ORDERED.**

DATED September 28, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4